IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD DANDAR, | ) | |
|     Petitioner, | ) | Civil Action No. 11-42 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| KENNETH CAMERON, et al. | ) | |
|     Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION**

Petitioner, Ronald G. Dandar, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 3]. Respondents have filed motions to dismiss [ECF Nos. 8 & 19] in which they contend that the Petition must be dismissed because it is at least the fifth federal habeas petition that Dandar has filed with this Court in which he has challenged the sentence of imprisonment imposed upon him on February 6, 2004, by the Court of Common Pleas of Erie County. Because he did not receive from the U.S. Court of Appeals for the Third Circuit an order authorizing this Court to consider this successive habeas petition, as required by 28 U.S.C. § 2244(b)(3)(A), I recommend that Respondents' motions be granted, that the petition be dismissed for lack of jurisdiction, and that a certificate of appealability be denied.

**II. REPORT**[1]

    A.    **Relevant Background**

On March 21, 1983, an Erie County jury convicted Dandar at Criminal Docket Nos. 1982-1462 through 1467 of various crimes, including criminal attempt, unsworn falsifications, tampering with records, forgery, theft by deception, and criminal attempt at forgery. On August 31, 1983, the Honorable William E. Pfadt sentenced him to an aggregate period of incarceration of 15-30 years, plus 30 years of probation. Dandar received his probation sentences on the convictions at Criminal Docket Nos. 1465, 1466, and 1467 of 1982.

Dandar appealed to the Superior Court of Pennsylvania, and that court affirmed on December 13, 1985. The Pennsylvania Supreme Court denied a petition for allowance of appeal on June 12, 1989, and Dandar did not seek *certiorari* in the United States Supreme Court.

Dandar filed a series of state collateral appeals, all of which were denied. On or around July 6, 2000, he filed a post-conviction motion pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"). While that PCRA motion was pending, the Pennsylvania Board of Probation and Parole (the "Board") granted him parole and he was released on or around November 7, 2000. The Court of Common Pleas eventually denied the pending PCRA motion, and on or around May 1, 2001, the Superior Court affirmed on the basis that the motion had not been timely filed.

On or around July 23, 2002, Dandar (who was on parole at the time) filed with this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged the August 31, 1983, judgment of sentence. That petition was docketed as <u>Dandar v. Commonwealth</u>, et al., 1:02-cv-222 (W.D. Pa.) and assigned to the Honorable Sean J. McLaughlin, who referred the case to me. I

---

[1]    The following background is taken largely from the Report and Recommendation issued on January 5, 2010, by the undersigned in the related case of <u>Dandar v. Krysevig</u>, 1:08-cv-60 (W.D. Pa.)

subsequently issued a Report and Recommendation ("R&R") advising that the petition be dismissed as untimely under the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and that a certificate of appealability be denied. Judge McLaughlin adopted the R&R as the Opinion of the Court, dismissed the petition, and denied a certificate of appealability. The Court of Appeals denied Dandar's subsequent request for a certificate of appealability. See Oct. 27, 2005, *Order* in Dandar v. Commonwealth, et al., Court of Appeals Docket No. 05-3731 (3d Cir.).

In the meantime, Dandar was recommitted as a technical parole violator and, in addition, faced revocation of the sentences of probation that he had received at Criminal Docket Nos. 1465 and 1467 of 1982. On February 5, 2004, the Honorable William R. Cunningham presided over a revocation hearing on the sentences of probation. The next day, on February 6, 2004, Judge Cunningham issued an order revoking the sentences of probation and sentencing Dandar to 23 1/2 to 47 years' imprisonment.

On or around January 5, 2004 – about a month before he received his probation revocation sentence – Dandar had filed another PCRA motion. The PCRA Court dismissed that motion as untimely on February 18, 2004. Dandar appealed and that appeal was docketed in the Superior Court at No. 662 WDA 2004. In its April 15, 2005, Memorandum affirming the denial of PCRA relief, the Superior Court noted that Dandar had improperly raised claims regarding his February 6, 2004, judgment of sentence for the first time in his appeal of the denial of the January 2004 PCRA motion. The Superior Court held that claims challenging the February 6, 2004, judgment of sentence were not reviewable at that appeal, since Dandar did not raise issues regarding that sentence in his January 2004 PCRA motion (nor could he have, as that judgment of sentence had not yet been issued when that PCRA motion was filed).

In April 2005, Dandar filed an appeal challenging the February 6, 2004, probation revocation judgment of sentence and that appeal was docketed at the Superior Court at No. 888 WDA 2005. Then,

3

on December 7, 2005, the Pennsylvania Supreme Court denied his petition for allowance of appeal of the PCRA proceeding at Superior Court action No. 662 WDA 2004.

Next, on or around December 27, 2005, Dandar initiated in this Court a habeas corpus action in which he challenged his February 6, 2004, probation revocation judgment of sentence. That action was docketed as Dandar v. Good, et al., 3:05-cv-00472 (W.D. Pa.) and assigned to Judge McLaughlin, who referred the case to me. Soon thereafter, on January 6, 2006, the Superior Court issued its decision at the appeal pending at No. 888 WDA 2005. It held the appeal was untimely.

Thereafter, I issued an R&R in which I recommended that the federal habeas petition that was pending before this Court in Dandar v. Good, et al., 3:05-cv-00472 be denied as untimely and procedurally barred, and that a certificate of appealability be denied. Judge McLaughlin adopted the R&R as the Opinion of the Court, dismissed the petition, and denied a certificate of appealability. The Court of Appeals denied Dandar's subsequent request for a certificate of appealability. See Oct. 22, 2007, *Order* in Dandar v. Good, et al., Court of Appeals Docket No. 07-2916 (3d Cir.).

In February 2006, Dandar filed another habeas corpus petition in this Court. That action was docketed as Commonwealth v. Good, et al., 1:06-cv-00046 (W.D. Pa.), assigned to Judge McLaughlin, and referred to me. In that petition, he challenged his August 31, 1983, judgment of sentence – the same judgment of sentence that he previously challenged in this Court at Civil Action No. 1:02-cv-222. He also challenged his February 6, 2004, probation revocation sentence – the same judgment of sentence that he previously challenged in this Court at Civil Action No. 3:05-cv-00472. I subsequently issued an R&R in which I recommended that the action be dismissed because the petition was a second or successive. 28 U.S.C. § 2244(b). Judge McLaughlin adopted the R&R as the Opinion of the Court, denied a certificate of appealability, and closed the case. The Court of Appeals also denied a request for

a certificate of appealability. See Oct. 23, 2007, *Order* in Dandar v. Good, et al., Court of Appeals Docket No. 07-2917.

Next, in December 2006, Dandar filed yet another habeas petition challenging his August 31, 1983, judgment of sentence and his February 6, 2004, judgment of sentence. That action was docketed as Dandar v. Commonwealth, et al., 1:06-cv-00302 (W.D. Pa.), assigned to Judge McLaughlin, and referred to me. As that habeas petition was at least the third one he had filed in which he challenged those judgments of sentences, I issued an R&R in which I recommended that it be dismissed as second or successive petition. 28 U.S.C. § 2244(b). Judge McLaughlin adopted the R&R as the Opinion of the Court, denied a certificate of appealability, and closed the case. The Court of Appeals also denied a certificate of appealability. See Oct. 23, 2007, *Order* in Dandar v. Commonwealth, et al., Court of Appeals Docket No. 07-2918 (3d Cir.).

After that federal habeas action concluded, Dandar continued filing frivolous, repetitive, and nonsensical pleadings in state court in an effort to obtain relief from his lengthy term of imprisonment. He also filed yet another federal habeas petition in this Court challenging his February 6, 2004, judgment of sentence. That action was docketed as Dandar v. Krysevig, et al., 1:08-cv-60 (W.D. Pa.), assigned to Judge McLaughlin, and referred to me. As that habeas petition was at least the fourth one he had filed in which he challenged those judgments of sentences, I issued an R&R in which I recommended that it be dismissed as second or successive petition. 28 U.S.C. § 2244(b). Judge McLaughlin adopted the R&R as the Opinion of the Court, denied a certificate of appealability, and closed the case. The Court of Appeals also denied a certificate of appealability. See Oct. 29, 2010, *Order* in Dandar v. Krysevig, et al., Court of Appeals Docket No. 10-3052 (3d Cir.).

In Dandar's instant habeas petition, he is expressly seeking the revocation of his February 6, 2004, judgment of sentence. [See ECF No. 3 at 1]. Thus, this is at least the fifth time he has attempted to challenge that sentence by way of a federal habeas petition.

B.   **Discussion**

Because the instant habeas petition is at least the fifth federal habeas corpus petition that Dandar has filed in which he challenges his February 6, 2004, judgment of sentence, it is subject to the authorization requirements set out at 28 U.S.C. § 2244(b), a provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In pertinent part, AEDPA mandates that before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. §2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. Burton v. Stewart, 549 U.S. 147 (2007).

A review of the computerized dockets of the Court of Appeals establishes that Dandar has not received from it permission to file a second or successive petition. Therefore, the instant habeas petition must be dismissed because this Court lacks jurisdiction. Id. at 152-54.

## C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition is a successive petition. Accordingly, a certificate of appealability should be denied.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Respondents' motions to dismiss [ECF Nos. 8 & 19] be granted, that the Petition for Writ of Habeas Corpus be dismissed, and a that certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Dandar is allowed to file objections in accordance with the schedule established in

the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


Dated: June 8, 2011                    /s/ Susan Paradise Baxter
                                       SUSAN PARADISE BAXTER
                                       United States Magistrate Judge


cc:     The Honorable Sean J. McLaughlin
        United States District Judge